Good morning, your honors. This matter, we received notification last week that we need to be prepared to argue harmless error. And we propose and we argue that this is not the appropriate case for a harmless error analysis. In fact, Mr. Blythe was denied fundamental rights, constitutional rights at the state level. First of all, he was denied due process rights that require that the state prove each and every element beyond a reasonable doubt. And also the Sixth Amendment right that the jury has to determine whether or not the state has met its burden of proving each and every element beyond a reasonable doubt. Counsel, you would agree that errors of, assuming there was an error in terms of putting the You agree under Rose v. Clark that that is subject to harmless error analysis, correct? Well, I disagree. I think that under Rose v. Clark that involved the Tennessee statute. And in that case, there was a presumption regarding malice. And the presumption could be rebutted by evidence that was presented by the state or the defense. But in the Arizona case in Blythe, the statute required that the affirmative defense, I should say the affirmative defense required that the defendant prove that there was a lack of sexual interest or a lack of intent. It's different than just a presumption. Would the Arizona statute have been unconstitutional if there had been no affirmative defense? I believe so. It requires intentionality. It requires a proof that puts the burden on the state to show that they intentionally in a knowing way had sexual contact with the child. Well, it's more than just sexual contact with the child. All the Arizona statute required is you change the baby's diaper. That was against the statute. If you were a doctor and you were examining and touching the genitalia, that was a violation of the statute. But factually, that's not what occurred in these instances as shown in the trial record. And under Nieder, if this had been a direct appeal and you have a missing element, you'd still have a harmless error inquiry. And here, given the facts of the case, how is there any factual basis for thinking there's any issue here? Okay, what I'm arguing is that there shouldn't even be a harmless error analysis in this matter. The right to have a jury decide all the evidence. Well, for the collateral review under Brecht, you always have to show that there's prejudice, that it has substantial and injurious effect. Well, this is analogous to the other cases the Supreme Court has ruled that are so fundamentally aired that harmless error doesn't apply, like not having an attorney or having a prejudiced judge. The fact that the jurors did not have to find everything, the state did not have to prove everything beyond a reasonable doubt and shifted the burden, that's a little bit different than the court case. This is dissented in Nieder, but Nieder says an entire missing element can be subject to harmless error on direct appeal. And I don't see how on collateral review, where there's a burden of showing harmful effect that we could dispense with this on a burden shifting, a requirement to show that it affected the trial, and it's hard to see how it affected it here given the factual basis. I don't even think we need to go to the facts of the case, because the fundamental rights were so severe that he was denied by the Constitution, Mr. Blythe was, because of the burden shifting this case, that we shouldn't even get to where the appellate court needs to review the evidence and determine a fact-finding endeavor, because the rights were so constitutionally necessary and fundamental that we shouldn't even get to that issue. Let me ask you this, counsel, because this is on collateral review, and the Supreme Court has reminded us many times, we can't find fundamental rights on collateral review unless they are of a very unique nature. Can you point us to the case, the Supreme Court case, that would dictate the outcome here under your theory? I would refer to Sandstrom and NRE Winship, regarding that the jurors have to be given proper instructions about burden shift, and they're fundamental. And so, again, I'm going to get back to Rose versus Clark, because Winship and Sandstrom were before Rose versus Clark, and Clark was 85 or 86. So if we're going to write something in your favor here, you've got to help us get there. So tell us how we avoid the questions that Judge Collins just raised and I raised about Rose versus Clark and Nieder. I think the easiest way to get there is, in Clark, once again, it was a presumption, whereas in Blythe, the statute required that the defendant disprove sexual interest. But it doesn't. It's an affirmative defense. Your client can raise it. So I've got a slightly different question. Your answer to Judge Owen's question dealt with the question of jury determinations of elements of a crime. My question goes to whether the Arizona statute is unconstitutional in the first place by not having the sexual intent be an element. And what Supreme Court case would tell us that the Arizona statute is unconstitutional? I read the Arizona Supreme Court's decision yesterday, and they went through this very carefully and explained why they did not believe that there was any constitutional infirmity. It's an unusual statute, but why they didn't think there was a constitutional infirmity. So what's the Supreme Court case that would tell us, if we were to get to the merits, that that statute is unconstitutional? Well, there is no Supreme Court case, but what's interesting is the Arizona legislature changed the statute. That's not our standard. EDPA doesn't say we can correct errors if the Arizona legislature has second thoughts about it. It tells us we can only do so if there is clearly established Supreme Court authority. And what's your clearly established Supreme Court authority? There is not Supreme Court authority, but what's interesting is by the Arizona legislature changing the statute, they brought it in line with the other states in the United States. Arizona is definitely an outlier until they changed the statute a couple years ago. If there's no more questions, I'll save the rest for rebuttal. Very well. And before we start the next argument, I believe there are some folks who want to come inside the courtroom. If anyone wants, we can take a quick break. There are some people waiting outside the doors there. If anyone wants to open the doors and invite them in, that's fine. I don't want them to have to stand out there. Nope. Are they gone? There we go. Okay. Great. Good morning. May it please the Court. Jillian Francis, Assistant Attorney General, representing, excuse me, respondents in this matter. This court should affirm the district court's decision for three reasons. First, Bly's claim is procedurally defaulted, as he acknowledges, because the Supreme Court has held that a lower court summary denial of a claim is not entitled to a presumption that it was on the merits. Second, the report and recommendation and the district court correctly determined that the burden-shifting claim failed on the merits. And third, assuming this court finds the claim exhausted and merit-worthy, it nonetheless fails because, as discussed, even assuming the state should have been required to prove sexual intent or sexual interest in order to prove child molestation, any error here was harmless in light of the overwhelming evidence that Bly's actions were motivated by a sexual interest. And this court asked my opposing counsel whether harmless error applies, and it does. This is not a case where there was a structural defect that infected the entire trial proceeding, such as the absence of counsel. And, in fact, in Nieder, the Supreme Court stated that most constitutional errors are subject to harmless error review. And so harmless error analysis applies in this case. As this court has pointed out, it applies in burden-shifting issues, such as Rose v. Clark, and it has been applied where an element of the offense is not submitted to the jurors. And, as discussed, the evidence here showed that Bly would get the 7-year-old victim alone, have her get on her hands and knees, and humped her. There's no explanation for this conduct other than that it was sexually motivated. And I would urge this court to find that the claim is procedurally defaulted. Here, we had a summary denial by the post-conviction relief court, and the report and recommendation relied on chambers for the proposition that that decision was a merits determination. And chambers relied on Harris, but in Harris, the Supreme Court stated that before you can get to that merits presumption, the predicate has to be met that it must fairly appear that that state court decision relied on federal law, or at least was interwoven with federal law. And we don't have that here. And, in fact, in Arizona, post-conviction relief rulings routinely are quite short and may not give an explanation for a denial. And in this case, we had a precluded claim that should have been raised on direct appeal and was not, and it also wasn't raised at trial. So that claim was precluded. Counsel, is there anything in the case law that requires us to address procedural default first, or can we go to harmless error if we feel that's the better way to resolve the case? I think this court could go to harmless error, but the Supreme Court has stated that, I mean, the claim is precluded, so this court really shouldn't even go to harmless error. But I'm saying this is not like an Article III question where we have to find one issue before we can move on to the next, correct? Well, I would argue that I would disagree respectfully, Your Honor, because the claim is precluded. No, I understand that's your argument. I'm saying procedurally, is this court required to resolve the procedural default question before it reaches whether any error was harmless, or can it assume without deciding that the claim is before us and then reach the merits? Is there any recent Supreme Court case that I don't know of that says we must decide procedural default before we reach harmlessness? I'm not aware of one, Your Honor. If this court wants to go to harmless error, it could. And unless this court has any further questions, I'd ask that you affirm the decision of the district court. All right, very well, thank you. Thank you. In regards to the procedural default, as noted in our briefs and all the documentation, post-conviction reliefs could not, proceedings could not be started until the pills were over. They were brought up. It was made under federal and state law, but specifically federal law. And based on what we've argued in the briefs, it's not precluded, or it's not procedurally defaulted. If the court has no further questions, I'm finished. Thank you, counsel. I thank you both for your briefing and your argument in this case. This matter is submitted.
judges: BYBEE, OWENS, COLLINS